## Freeman et ux. v. MacDonald et ux.

*Louis A. Bloom*, for plaintiffs.
*D. Malcolm Hodge*, for defendants.

FRONEFIELD, P. J., June 13, 1941.—We have for consideration two petitions filed by Josephine MacDonald, one of the defendants: (1) For a severance of the actions brought by the two plaintiffs, and (2) if the first petition be allowed, for leave to join John D. Freeman as an additional defendant in the action brought by Lucy Freeman. Both petitions must be dismissed.

In order to render a decision on these petitions, it is necessary to consider and interpret several of the new Pennsylvania Rules of Civil Procedure.

The history of the case up to the present time is as follows: On February 7, 1941, plaintiffs, John D. Freeman and Lucy Freeman, brought a joint suit against defendants to recover damages alleged to have been caused by the negligence of defendant Josephine MacDonald while acting as the agent of defendant William MacDonald. The claim of John D. Freeman, who was the owner and operator of one of the automobiles involved, was for property damage, while the claim of Lucy Freeman, who had been his passenger, was for personal injuries.

An affidavit of defense was filed by both defendants, in which it is denied that Josephine MacDonald was the agent of William MacDonald and in which it is denied that Josephine MacDonald was guilty of negligence. On the contrary, it alleges that plaintiff's damages were the result of the negligence of John D. Freeman.

Josephine MacDonald (hereinafter called defendant) was desirous of joining John D. Freeman as an additional defendant but was met with the provisions of Pa. R. C. P. 2252(a), which provides:

"After the defendant in an action has filed an answer . . . he may petition the court for leave to join as an additional defendant any person not a party to the action . . ."

The words "not a party to the action" were not in the Scire Facias Acts (Act of April 10, 1929, P. L. 479, as amended, 12 PS §141), which were suspended absolutely by rule 2275. However, they were inserted in rule 2252(a) after due consideration as is evidenced by the note of the Procedural Rules Committee to that rule, as follows:

"In cases where several plaintiffs having separate claims join in a single action against a defendant under the present Permissive Joinder of Plaintiffs Act of 1937, these rules will not permit the defendant to join any of the plaintiffs as additional defendants. . . . The desirability of such joinder will be considered by the Committee when rules governing counterclaims and cross-action proceedings are adopted."

While the note of the committee is not a part of the rule as promulgated by the Supreme Court, nevertheless, such note called the attention of the Supreme Court to the effect of the rule and the rule was adopted without change. In this connection it is to be noted that the note of the committee refers to the Act of June 25, 1937, P. L. 2072, 12 PS §159.1 et seq., which was suspended absolutely by rule 2250, effective February 3,

1941, four days before the present action was commenced, but it is equally applicable to situations arissing under rule 2229(a) which was substituted therefor.

It is the suspension of the Act of 1937 which creates the second barrier which defendant is unable to hurdle. Section 2 of that act (12 PS §159.2) provided that "If, in any such action, it shall appear that the joinder of the plaintiffs will complicate, prejudice or delay the trial of such action, the court, on petition or on its own motion, may order separate trials, or make such other order as it deems expedient and proper."

Had that act been in effect when the present action was commenced, we could have severed the actions of the two plaintiffs and permitted the joinder of John D. Freeman as an additional defendant in the action of Lucy Freeman. However, while rule 2229(a) substantially reëstablishes the provisions of section 1 permitting the joinder of the actions, there is no rule corresponding to section 2 permitting the severance of the actions.

As a last resort, defendant calls our attention to rule 213(b), which provides:

"The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues."

However, such rule does not go as far as section 2 of the Act of 1937 which permitted the court to "order separate trials, or make such other order as it deems expedient and proper." Rule 213(b) goes no further than to permit the court to "order a separate trial." The words "or make such other order as it deems expedient and proper" are not included. As is pointed

out in Goodrich-Amram in its commentary on this rule, "This subdivision is the complement of Subdivision (a). The latter provides for the combination of actions for certain purposes; the former, for their severance. The two subdivisions are not exactly complementary, however, because Subdivision (b) only permits the ordering of separate trials. It does not authorize the severance of an action into several actions."

Therefore, we fail to find any authority permitting us to sever the actions and defendant's petition for a severance must be dismissed. Since that petition falls, it follows that her petition to join an additional defendant must also be dismissed.

Cf. Stokes et al. v. Giarraputo & Son (No. 1), infra.